56 F.3d 69
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Anthony C. PENNY, Appellant.
 No. 94-3694
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 4, 1995
Filed: May 31, 1995
 
 Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Anthony C. Penny appeals from the final judgment entered in the District Court[1] for the Western District of Arkansas upon a jury verdict finding him guilty of distributing methamphetamine in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A); selling stolen firearms, while aiding and abetting co-defendant Earl W. Loy, in violation of 18 U.S.C. Secs. 2 and 922(j); and being a felon in possession of firearms in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(2). The district court sentenced him to 55 months imprisonment and three years supervised release on each of the three counts, to run concurrently, and fined him $3,000. For reversal, Penny argues the district court erred in: (1) denying his motion for severance of the offenses; (2) overruling his objection to testimony of other wrongs or bad acts, (3) denying his motion to dismiss the superseding indictment on grounds of vindictive prosecution, and (4) denying his motion for a directed verdict on grounds of insufficiency of the evidence. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Penny argues the district court should have severed the felon-in-possession offense from the gun-selling offense, pursuant to Fed. R. Crim. P. 12(b)(5) and 14, because the jury would hear prejudicial evidence of his unrelated conviction for "theft by receiving" in deciding whether he was guilty of selling stolen guns. The district court did not abuse its discretion in denying Penny's motion for severance. See United States v. Jones, 880 F.2d 55, 61 (8th Cir. 1989) (standard of review). "[T]he denial of a motion to sever is not subject to reversal absent a showing of 'real prejudice.' " Id. The only evidence admitted of his prior conviction was an Arkansas Department of Correction records supervisor's testimony that Penny had been convicted of theft by receiving over $200; we conclude this evidence was not unduly prejudicial.
 
 
 3
 Penny also argues testimony of his co-defendant and an Arkansas police officer concerning prior instances in which Penny was involved with or knew about the sale of stolen property should have been excluded under Fed. R. Evid. 404(b), because it was offered to prove criminal character rather than to establish his intent, preparation, planning, knowledge, identity, and absence of mistake in regard to the transactions charged in the indictment. Rule 404(b) "allows the admission of evidence of other crimes, wrongs or acts relevant to an issue in the trial, unless it tends only to prove criminal disposition," and the discretionary decision to admit such evidence will be reversed only if it is clear that the evidence had no bearing upon any of the issues involved at trial. United States v. Gustafson, 728 F.2d 1078, 1083 (8th Cir.), cert. denied, 469 U.S. 979 (1984). We conclude the evidence was relevant to Penny's knowledge and intent.
 
 
 4
 We reject Penny's argument that the superseding indictment was vindictive because the prosecutor informed Penny he would face additional charges for the sale of methamphetamine and being a felon in possession of firearms if he refused to plead guilty to a single count of selling stolen firearms. "There is no due process violation when a defendant is openly presented with the 'unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution.' " Luna v. Black, 772 F.2d 448, 449-50 (8th Cir. 1985) (per curiam) (quoted case omitted).
 
 
 5
 We also reject Penny's contention that certain evidence presented required the jury to have entertained reasonable doubt as to the defendant's guilt. Viewed in a light most favorable to the government, the evidence was sufficient to support the verdict. United States v. Jones, 880 F.2d at 64. Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas